1  DOUGLAS A. PLAZAK, SBN 181709
   Email: dplazak@rhlaw.com
2  SCOTT TALKOV, SBN 264676
   Email: stalkov@rhlaw.com
3  **REID & HELLYER**
   A Professional Corporation
4  3880 Lemon Street, Fifth Floor
   Post Office Box 1300
5  Riverside, California 92502-1300
   Telephone: (951) 682-1771
6  Facsimile: (951) 686-2415

7  Attorneys for Plaintiff
   Robert S. Whitmore, Chapter 7 Trustee

8
                    UNITED STATES BANKRUPTCY COURT
9
            CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION
10

11  In re                              )  Case No. 6:13-bk-10984-SY
                                       )
12  Surendra D. Patel and Kamini S. Patel  )  Adv. No. _____
                                       )
13      Debtors.                        )  Chapter 7
    _____ )
14                                      )  **CHAPTER 7 TRUSTEE'S COMPLAINT**
    Robert S. Whitmore, Chapter 7 trustee of the  )  **TO DETERMINE PROPERTY OF THE**
15  estate of Surendra D. Patel and Kamini S. Patel,  )  **ESTATE, DETERMINE INTERESTS IN**
                                       )  **REAL PROPERTY, AVOID PREFERENCE**
16      Plaintiff,                      )  **AND AVOID FRAUDULENT TRANSFER**
                                       )  [11 U.S.C. §§ 541(a), 547(b), 548(a);
17  v.                                  )  Fed. R. Civ. Proc. 7001]
                                       )
18  Surendra D. Patel; Kamini S. Patel; Narendra D.)
    Patel; Sunita N. Patel; and Chandresh J. Patel,  )
19                                      )
        Defendants.                     )
20  _____ )

21      Robert S. Whitmore, the duly appointed, qualified and acting Chapter 7 trustee ("Trustee

22  Whitmore") for the bankruptcy estate of Surendra D. Patel and Kamini S. Patel ("Whitmore

23  Debtor"), submits the following Complaint:

24                        **INTRODUCTORY ALLEGATIONS**

25      1.      This Complaint arises from the Whitmore Debtors' failure to disclose their interest

26  as joint tenants in an industrial real property with equity on Schedule A. Instead, the Whitmore

27  Debtors claimed a "partnership interest" on Schedule B valued at $100. Their true interest came to

28  light in the bankruptcy of the remaining joint tenants (family members). This complaint resulted.

                                    -1-

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

## SUBJECT PROPERTY

2.     The real property that is the subject of this action is commonly known as 13921 Oaks Avenue, City of Chino, County of San Bernardino, State of California, Assessor's Parcel Number 1021-221-20, also referred to as 1021-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 ("Subject Property"). The County of San Bernardino Assessor describes the Subject Property as industrial property of 10,500 to 19,999 square feet.

## STATEMENT OF JURISDICTION AND VENUE

3.     This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F) & (N).

4.     The instant adversary proceeding is brought pursuant to 11 U.S.C. § 547 and Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure.

5.     Venue is proper pursuant to 28 U.S.C. § 1409 by virtue of this bankruptcy case pending before the United States Bankruptcy Court for the Central District of California.

6.      This adversary proceeding arises out of and is related to the voluntary, and currently pending, Chapter 7 bankruptcy case *In re Surendra D. Patel and Kamini S. Patel*, Case No. 6:13-bk-10984-SY, filed on January 18, 2013 ("Petition Date"), in the United States Bankruptcy Court for the Central District of California, Riverside Division.

## PARTIES TO THE ACTION

7.     Plaintiff Robert S. Whitmore, Chapter 7 Trustee, is the duly appointed, qualified and acting Chapter 7 Trustee of the above-entitled estate.

8.     Defendants Surendra D. Patel ("Surendra") and Kamini ("Kamini") S. Patel, husband and wife, are individuals and debtors in the Chapter 7 bankruptcy case *In re Surendra D. Patel and Kamini S. Patel*, Case No. 6:13-bk-10984-SY. As their estate is administered by Robert S. Whitmore, Chapter 7 Trustee, they are referred to herein as the "Whitmore Debtors."

9.     Defendants Narendra D. Patel and Sunita N. Patel, husband and wife, are individuals and debtors in a Chapter 7 bankruptcy filed as Case No. 6:13-bk-23046-SY. As their estate is administered by Lynda Bui, Chapter 7 Trustee, they are referred to herein as the "Bui Debtors."

10.     Defendant Chandresh J. Patel is an individual ("Chandresh"). Chandresh is the trustee and beneficiary of a trust deed on the Subject Property executed by Surendra and Bui Debtor

1  Narendra D. Patel, also known as Narendra Kumar Dahyabhai Patel ("Narendra") on February 22,

2  2012 and recorded on February 23, 2012 as San Bernardino County Assess-Recorder-Clerk Doc.

3  No. 2012-0070093 ("Chandresh Trust Deed").

4              **WHITMORE DEBTORS' INTEREST IN THE SUBJECT PROPERTY**

5          11.    On September 4, 1998, a third party granted its interest in the Subject Property to the

6  following individuals as their sole and separate property:

7                  a.    Jayshree A. Patel, a married woman ("Jayshree"), 20%

8                  b.    Whitmore Debtor Surendra, a married man, 20%

9                  c.    Mehul M. Shah, a single man ("Mehul"), 20%

10                 d.    Bui Debtor Narendra, a married man, 15%

11                 e.    Mathuradas J. Kansagara, a married man ("Mathuradas"), 15%

12                 f.    Govindas J. Kansagara, a married man ("Govindas"), 10%

13  Said grant deed is recorded as San Bernardino County Recorder Doc. No. 1998-039786. Said

14  spouses of grantees, including Bui Debtor Kamini, as husband of Bui Debtor Narendra, granted

15  their interests to their respective spouses that same day in San Bernardino County Recorder Doc.

16  No. 1998-039785.

17         12.    On January 19, 2001,  Mathuradas (15%), Govindas (10%) and Mehul (20%)

18  granted their collective 45% interest to Jayshree, Whitmore Debtor Surendra and Bui Debtor

19  Narendra as joint tenants in San Bernardino County Recorder Doc. Nos. 20010021610,

20  20010021611, and 20010021612.

21         13.    As a result of this transfer, Jayshree, Surendra and Narendra each obtained an

22  additional 15% interest in the Subject Property. As such, the owners of the Subject Property held

23  the following interests therein:

24                 a.    Jayshree, a married woman, 35%

25                 b.    Whitmore Debtor Surendra, a married man, 35%

26                 c.    Bui Debtor Narendra, a married man, 30%

27         14.    On November 19, 2002, Jayshree deeded his 35% interest in the Subject Property to

28  the Whitmore Debtors and Bui Debtors, with each obtaining an additional 8.75% interest therein.

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

1  This deed is recorded as recorded as San Bernardino County Recorder Doc. No. 20020625790, and

2  re-recorded as Doc. No. 20020625791.

3        15.    As a result of this transfer of Jayshree's 35% interest, the owners of the Subject

4  Property held the following interests therein:

5            a.    Whitmore Debtor Surendra, a married man, 43.75%

6            b.    Whitmore Debtor Kamini, a married woman, 8.75%

7            c.    Bui Debtor Narendra, a married man, 38.75%

8            d.    Bui Debtor Sunita, a married woman, 8.75%

9        16.    On November 19, 2002, the Whitmore Debtors and Bui Debtors executed a deed of

10  Trust in favor of Bank of America in the amount of $384,000.

11        17.    On September 21, 2010, Bank of America, NA filed suit against Whitmore Debtor

12  Surendra, *et al.* in the Superior Court of Arizona, Maricopa County Case No. CV2010-027509

13  ("Arizona Case").

14        18.    On or about February 14, 2012, Bank of American, NA obtained a ruling in its favor

15  on partial final summary judgment in the Arizona Case against Whitmore Debtor Surendra.

16        19.    On February 22, 2012, Whitmore Debtor Surendra and Bui Debtor Narendra

17  executed the Chandresh Trust Deed in favor of Chandresh D. Patel securing an alleged $150,000

18  promissory note.

19        20.    On September 21, 2012, Bank of America, NA filed an application for sister-state

20  judgment based on the judgment entered in the Arizona Case in Riverside County Superior Court

21  Case No. RIC1214310 ("Riverside Case").

22        21.    On December 6, 2012, Bank of America, NA filed an application in the Riverside

23  Case for a judgment debtor's examination, which was scheduled to occur on January 22, 2013.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

### BANKRUPTCY OF THE WHITMORE DEBTORS

22.     On January 18, 2013, within one year of the Chandresh Trust Deed, the Whitmore Debtors filed for Chapter 7 bankruptcy in Case No 6:13-bk-10984-DS, now 6:13-bk-10984-SY. The Whitmore Debtors did not disclose the Subject Property on Schedule A, instead claiming on Schedule B to hold an interest in "Sjree Laxmi Investments (minority partnership interest; owns commercial building rented by Shree Sugonash, Inc.); Current Value: $100."

23.     On May 1, 2013, after conducting a 341(a) examination in which the Whitmore Debtors did not disclose their real property interest in the Subject Property, Trustee Whitmore filed a no asset report.

24.     On July 18, 2013, the Chapter 7 bankruptcy of the Whitmore Debtors was closed.

### FIRST BANKRUPTCY OF THE BUI DEBTORS

25.     On July 31, 2013, the Bui Debtors filed a Chapter 7 bankruptcy through the same counsel as the Whitmore Debtors in Case No. 6:13-bk-23046-WJ. The Bui Debtors also failed to list the Subject Property on Schedule A, instead claiming on Schedule B that they hold a "50% interest in Shree Laxmi Investments (owns commercial building rented by Shree Sugonash, Inc., no equity in property and tenant unable to pay rent): Current Value: $100." The case was dismissed without a discharge for failure to file schedules and/or statements with Chapter 7 Trustee Howard Grobstein failing to locate any assets. An order denying the Bui Debtors' motion to have the dismissal vacated was denied by the Hon. Wayne Johnson on September 20, 2013.

### SECOND BANKRUPTCY OF THE BUI DEBTORS

26.     On October 3, 2013, the Bui Debtors filed another Chapter 7 petition through the same counsel as the Whitmore Debtors in Case No. 6:13-bk-26439-MW. Lynda Bui was appointed as the Chapter 7 Trustee. The Bui Debtors again failed to list the Subject Property on Schedule A, instead claiming on Schedule B to hold a "50% interest in Shree Laxmi Investments (owns commercial building rented by Shree Sugonash, Inc., no equity in property and tenant unable to pay rent): Current Value: $100."

27.     On November 4, 2013, after conducting a continued meeting of creditors, Trustee Bui issued a notice of assets in Case No. 6:13-bk-26439-MW.

28.    On November 4, 2014, Lynda T. Bui, Chapter 7 Trustee of the Estate of the Bui Debtors, filed an adversary action against the Whitmore Debtors for sale of the Subject Property, turnover of the Subject Property and declaratory relief that at least one-half of the Subject Property is property of the Bui Debtors' bankruptcy estate.

29.    On November 11, 2014, Lynda T. Bui Chapter 7 Trustee of the Estate of the Bui Debtors, also filed an adversary against a third party alleging a preference and fraudulent transfer of real property unrelated to the Subject Property.

**REOPENING OF WHITMORE DEBTORS' BANKRUPTCY**

30.    On February 13, 2015, this Court entered an order granting the motion of the United States Trustee to reopen the bankruptcy case of the Whitmore Debtors.

**I.**

**FIRST CLAIM FOR RELIEF**

**(For Declaratory Relief re: Property of the Estate**

**- Against Surendra D. Patel and Kamini S. Patel)**

31.    Plaintiff hereby incorporates each and every allegation set forth above as though fully set forth herein.

32.    Under 11 U.S.C. § 554(c) provides that, "Unless the court orders otherwise, any property scheduled under section 521 (a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title."

33.    "Under § 554 abandonment presupposes knowledge of the existence of the property to be abandoned. Generally, there can be no abandonment, by mere operation of law, of property that was not listed in the debtors' schedules or otherwise disclosed to creditors." *In re Petty*, 93 B.R. 208, 212 (B.A.P. 9th Cir. 1988). Abandonment under "§ 554(c) is grounded upon a presumption of intentional abandonment by the trustee," which requires that a debtor "fully and formally" disclose the asset. *In re Hill*, 195 B.R. 147, 149 (Bankr. D.N.M. 1996). The Ninth Circuit B.A.P. "requires that the property to be abandoned [under 554(c) is properly scheduled under § 521[]." *Pace v. Battley*, 146 B.R. 562, 564 (B.A.P. 9th Cir. 1992).

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

34.     11 U.S.C. § 521(a)(1)(B)(i) requires the a debtor file a "schedule of assets and liabilities." "[W]here the trustee is given false or incomplete information about the asset by the debtor," "appropriate circumstances" exist for a court to "order[] otherwise," as an exception to presumed abandonment under Section 554(c). *DeVore v. Marshack* (In re DeVore), 223 B.R. 193, 198 (B.A.P. 9th Cir. 1998).

35.     Plaintiff requests a declaration of this Court that the interest of the Whitmore Debtors in the Subject Property is property of the Whitmore Debtors' bankruptcy estate.

## II.

## SECOND CLAIM FOR RELIEF

## (For Declaratory Relief re: Interest of Subject Property

## - Against Surendra D. Patel, Kamini S. Patel, Narendra D. Patel; Sunita N. Patel)

36.     Plaintiff hereby incorporates each and every allegation set forth above as though fully set forth herein.

37.     Plaintiff alleges that the following individuals hold the following interests in the Subject Property:

    a.     Whitmore Debtor Surendra, a married man, 43.75%

    b.     Whitmore Debtor Kamini, a married woman, 8.75%

    c.     Bui Debtor Narendra, a married man, 38.75%

    d.     Bui Debtor Sunita, a married woman, 8.75%

38.     Plaintiff requests a judicial declaration that Whitmore Debtor Surendra, a married man, holds a 43.75% interest in the subject property and that Whitmore Debtor Kamini, a married woman, holds a 8.75% interest in the subject property.

## II.

## THIRD CLAIM FOR RELIEF

## (For Avoidance of Preferential Transfer Under 11 U.S.C. § 547(b)

## - Against Chandresh J. Patel)

39.     Trustee hereby incorporates each and every allegation set forth above as though fully set forth herein.

40.     Upon information and belief, Chandresh may allege that he is or was a creditor of the Whitmore Debtors or their bankruptcy estate.

41.     The Chandresh Trust Deed constitutes a "transfer of an interest of the debtor in property" under 11 U.S.C. § 547(b) because 11 U.S.C. § 101(54), which defines "transfer" to include the "disposing of or parting with (i) property; or (ii) an interest in property."

42.     Upon information and belief, the Chandresh Trust Deed was "to or for the benefit of a creditor" under 11 U.S.C. § 547(b)(1).

43.     Upon information and belief, the Chandresh Trust Deed on or about February 22, 2012 was "for or on account of an antecedent debt owed by the debtor before such transfer was made" under 11 U.S.C. § 547(b)(2).

44.     Upon information and belief, the Chandresh Trust Deed on or about February 22, 2012 was "made while the debtor was insolvent" under 11 U.S.C. § 547(b)(3).

45.     Plaintiff alleges that Chandresh is an insider of at least one of the Whitmore Debtors and/or the Bui Debtors.

46.     The Chandresh Trust Deed dated on or about February 22, 2012 was "between ninety days and one year before the date of the filing of the petition" of the Petition Date on January 18, 2013, under 11 U.S.C. § 547(b)(4)(B).

21.     By virtue of the Chandresh Trust Deed, Trustee is informed and believes and based thereon alleges that, Chandresh received more than he would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the Chandresh Trust Deed had not been made; and (c) Chandresh received payment of such debt to the extent provided by title 11 of the United States Code.

47.     Trustee is entitled to a judgment that the transfer of an interest in the Subject Property through the Chandresh Trust Deed constitutes an avoidable preference pursuant to 11 U.S.C. § 547(b).

/ / /

/ / /

/ / /

REID & HELLYER APC
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

### III.

### FOURTH CLAIM FOR RELIEF

### (For Avoidance of Fraudulent Transfer Under 11 U.S.C. § 548

### - Against Chandresh J. Patel)

48.    Trustee hereby incorporates each and every allegation set forth above as though fully set forth herein.

49.    The Chandresh Trust Deed constitutes a transfer of an interest in the Subject Property to Chandresh under 11 U.S.C. § 101(54), which defines a "transfer" to include the "disposing of or parting with . . . an interest in property."

50.    The Chandresh Trust Deed was made within two years before the Petition Date.

51.    The Chandresh Trust Deed constituted a voluntary transfer by the Debtor.

52.    Upon information and belief, the Chandresh Trust Deed was made with actual intent to hinder, delay, or defraud any entity to which the any of the Whitmore Debtors and/or Bui Debtors were or became indebted on or after the date that the Chandresh Trust Deed was made.

53.    Upon information and belief, the Whitmore Debtors and/or Bui Debtors received less than a reasonably equivalent value in exchange for the Chandresh Trust Deed.

54.    Upon information and belief, the Whitmore Debtors and/or Bui Debtors were either 1) insolvent on the date that the Chandresh Trust Deed was made, 2) became insolvent as a result of the Chandresh Trust Deed, or 3) made the Chandresh Trust Deed to or for the benefit of an insider.

55.    Alternatively, upon information and belief, Chandresh is a general partner of the Whitmore Debtors and/or Bui Debtors, and the Whitmore Debtors and/or Bui Debtors were insolvent on the date the Chandresh Trust Deed was made or became insolvent as a result of the Chandresh Trust Deed.

56.    Trustee is entitled to a judgment that the Chandresh Trust Deed is avoided and/or is void as a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1) and/or (2).

/ / /

/ / /

/ / /

**REID & HELLYER APC**
3880 LEMON STREET, FIFTH FLOOR
RIVERSIDE, CALIFORNIA 92502-1300
TELEPHONE (951) 682-1771

**PRAYER FOR RELIEF**

**WHEREFORE**, Trustee requests that this Court enter a judgment as follows:

Against Surendra D. Patel and Kamini S. Patel Only:

1.    For a judicial declaration that the interest of the Whitmore Debtors in the Subject Property is property of their bankruptcy Estate and was not abandoned upon the closing of their bankruptcy case under 11 U.S.C. § 554;

Against Surendra D. Patel, Kamini S. Patel, Narendra D. Patel and Sunita N. Patel Only:

2.    For a judicial declaration that Whitmore Debtor Surendra, a married man, holds a 43.75% interest in the subject property and that Whitmore Debtor Kamini, a married woman, holds a 8.75% interest in the subject property;

Against Chandresh J. Patel Only:

3.    For a determination that the Chandresh Trust Deed constitutes an avoidable preference;

4.    For a determination that the Chandresh Trust Deed constitutes a fraudulent transfer;

5.    For a determination that the Chandresh Trust Deed is avoided;

6.    For a determination that the Chandresh Trust Deed is void;

Against All Defendants:

7.    For attorneys' fees and cost of suit incurred herein, if allowed by law; and

8.    For such other and further relief as the Court deems just and proper.

DATED: April 7, 2015

REID & HELLYER
A PROFESSIONAL CORPORATION

By:    /s/ Scott Talkov
        DOUGLAS A. PLAZAK
        SCOTT TALKOV
        Attorneys for Robert S. Whitmore, Chapter 7 Trustee

-10-

FORM B104 (08/07)                                                                                  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Robert S. Whitmore, Chapter 7 trustee of the estate of Surendra D. Patel and Kamini S. Patel, | DEFENDANTS<br>Surendra D. Patel; Kamini S. Patel; Narendra D. Patel; Sunita N. Patel; and Chandresh J. Patel |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Douglas A. Plazak/Scott Talkov, Reid & Hellyer, APC, 3880 Lemon St., Fifth Floor, P.O. Box 1300, Riverside, CA 92502-1300 (951) 682-1771 | ATTORNEYS (If Known)<br>Sunil A Brahmbhatt, 2700 N Main St Ste 310, Santa Ana, CA 92705, sunillaw@yahoo.com<br>(for all defendants other than Chandresh J. Patel) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☑ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>To determine property of the estate, determine interests in real property, avoid preference and avoid fraudulent transfer; 11 U.S.C. §§ 541(a), 547(b), 548(a) |
|---|

| NATURE OF SUIT<br>(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |
|---|

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

| Other Relief Sought<br>For attorneys' fees and cost of suit incurred herein, if allowed by law; For such other and further relief as the Court deems just and proper. |
|---|

FORM B104 (08/07), page 2                                                                 2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
|---|---|---|
| Surendra D. Patel and Kamini S. Patel | | 6:13-bk-10984-S |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Riverside | Hon. Scott H. Yun |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| Lynda T. Bui, Chapter 7 Trustee | Surendra D. Patel and Kamini S. Patel | 6:14-ap-01291-MW |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Riverside | Hon. Mark S. Wallace |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*Scott Talkov*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 4/8/15 | Scott Talkov |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.